UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RODNEY LLOYD,

        Petitioner,      :   06 Civ. 3888 (JSR)

        -v-      :   ORDER

DALE ARTUS,

        Respondent.
------------------------------------x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-1-08

    On July 27, 2007, the Honorable Theodore H. Katz, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the petitioner's motion under 28 U.S.C. § 2254 for a writ of habeas corpus be denied in all respects. After the Court granted petitioner's request for an extension of time to file objections, petitioner filed objections to the Report. Accordingly, the Court has reviewed the motion and the underlying record de novo.

    Petitioner raises four objections: (1) that the prosecutor's remarks, during her summation, calling petitioner an "animal" improperly prejudiced the jury against him; (2) that the medical evidence was insufficient to establish beyond a reasonable doubt that petitioner penetrated the victim, and thus there was no basis for his sodomy conviction; (3) that petitioner's sentencing as a mandatory persistent felon rested on facts not found by a jury, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (4) that it was unlawful under Apprendi for the sentencing judge to order that petitioner's sentences for sodomy and for sexual assault run

consecutively rather than concurrently, because that decision rested on a facts not found by a jury. Yet petitioner raised not a single one of these arguments in his habeas petition. Accordingly, they are not properly before the Court. See Chisolm v. Headley, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ("[A] petitioner is not permitted to raise an objection to a magistrate judge's report that was not raised in his original petition." (citing Harris v. Pulley, 885 F.2d 1354, 1377-78 (9th Cir. 1989)); see also Riggi v. United States, No. x04 Civ. 7852, 2007 U.S. Dist. LEXIS 57012 (S.D.N.Y. Aug. 6, 2007) ("Because petitioner failed to raise this issue in his original petition, however, he cannot do so now for the first time in an objection to the Report."). Moreover, by failing to object to the Magistrate Judge's disposition of the one issue petitioner did raise in his initial petition – that his due process rights were violated when the statute of limitations for his offenses was tolled – petitioner has waived any right to further appellate review. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000).

Accordingly, the Court hereby adopts Magistrate Judge Katz's Report and Recommendation, and, for the reasons so ably stated therein, dismisses the petition. In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. §

2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith. Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       March 31, 2008

_____
JED S. RAKOFF, U.S.D.J.